# CHARLESTON.

C. G. CASTO *v.* F. M. COOK *et als.*

Submitted May 9, 1922.     Decided May 16, 1922.

1.  LANDLORD AND TENANT—*Lease Contract Held to Imply Consideration Sufficient to Support Option to Purchase.*

A contract in writing, under seal, between landlord and tenant setting out the time and terms of rental and reciting part payment of the rent, and containing therein an option to the tenant to purchase the property leased, if it be offered for sale by the landlord at any time during the lease, at the price and terms at which it may be offered to others, implies a considration sufficient to support the option to purchase.     (p. 215).

91 W. Va.

2.  VENDOR AND PURCHASER—*Option to Sell Under Seal Imports Consideration.*

    An option to sell, if under seal, imports a valuable consideration.   (p. 215).

3.  LANDLORD AND TENANT—*Option in Lease Held Not Void for Uncertainty of Description of Property.*

    Where a rental contract contains an option to the tenant to purchase the leased premises, which are described as a certain house and lot situated in a certain city and bounded by other lots, and then occupied by a certain person; and the lot so leased and optioned is enclosed by a fence and pointed out to the lessee as the boundary of the lot when the contract was made, the option is not void for uncertainty of description of the property.     (p. 216).

4.  SAME—*Tenant's Option to Purchase at Price and Terms Offered Others is a Continuing Right, Terminating With the Tenancy.*

    The right of a tenant under a written contract under seal to purchase the leased premises at any time during the tenancy at the same price and upon the same terms which the lessor may offer the premises to another, is a continuing right terminating with the tenancy and cannot be withdrawn by the lessor or legally repudiated by him by sale to another within the term of rental, without affording the lessee an opportunity to protect his rights.   (p. 217).

5.  SAME—*Tenant Held Not Required to Tender Purchase Price, in Order to Protect His Right of Action, Where Landlord Repudiates the Option.*

    Where, during such term, the lessee gives notice of acceptance of his option to purchase at the price and upon the terms offered by the lessor to another, the obligation of the lessor to deliver a deed therefor and the obligation of the lessee to pay the purchase price are mutual and dependent, and are to be performed simultaneously. And where such notice of acceptance is given and the lessor refuses to sell to the lessee and notifies him that he intends to deed the property to another and repudiates the option contract, it is not incumbent upon the lessee to make a tender of the purchase price, in order to protect his right of action. p. 217).

6.  VENDOR AND PURCHASER—*Purchaser With Notice of Lessee's Right and Intention to Purchase Takes Subject to Such Rights.*

    A third party, with notice of the right of such lessee and

occupant of the premises to purchase during the tenancy and of his announced intention so to do, who purchases the premises while such right subsists, takes it subject to the right of the lessee, and holds the same in trust for him; and the latter may in equity follow the premises into the hands of the former, and compel him to convey the same to him, at the price paid.   (p. 217).

7.   CANCELLATION OF INSTRUMENTS—*Where Landlord Sold in Violation of Lessee's Option Right, and Received Purchase Price, Decreeing Cancelling Deed and Ordering Landlord's Conveyance to Lessee Held Error.*

Where, in such case, the lessor has deeded the leased premises to such third party in violation of the lessee's right to purchase, and received the purchase price therefor, it is error to decree a cancellation of the deed to such third party and require the lessor to convey the premises to the lessee upon payment of the purchase price to him.   Such third party holds the property in trust for the lessee and the legal title should be extracted from him, upon payment to him of the purchase price (p. 219).

Appeal from Circuit Court, Raleigh County.

Suit by C. G. Casto against F. M. Cook and others. From a decree thereon, the defendants appeal.

*Reversed in part.   Remanded.*

*J. E. Summerfield,* for appellants.

*W. H. File,* for appellee.

LIVELY, JUDGE:

Plaintiff on June 18th, 1919, by written contract, leased a house and lot in the City of Beckley from defendant F. M. Cook for a term ending the 1st day of March, 1920, with right to renew for a period of six month, and paid therefor $26.67 and agreed to pay $20.00 per month as rental.   In the lease contract, which is under seal, is found the following stipulation:   "It is mutually agreed between the parties hereto that if this property is sold, that on 30 days notice said second party will vacate same, provided that said second party shall have the right and option to purchase said property at any time during this lease, at the same price

91 W. Va.

and on same terms offered to other purchasers, and if he is given notice to vacate said property then within 30 days, he shall have the right within 30 days to elect to purchase same.''

Failure of F. M. Cook to sell to plaintiff under the stipulation above quoted is the cause of this litigation. Plaintiff took possession of the property and performed his obligations under the contract. On or about October 4th, 1919, he ascertained that defendant Cook was offering the property for sale at the price of $1800.00 and that negotiations for sale and purchase were pending between him and defendant Hollandsworth, the appellant. On this date he wrote a letter to Cook stating he had understood that he was offering the property for $1800.00, and that he had decided to purchase the property at that price and was ready to take it when the deed was made and ready for delivery. To this letter defendant Cook replied that he had understood from attorney Rardin, who had negotiated the lease contract, that plaintiff had declined to take advantage of the stipulation in the lease contract, and that he, Cook, had sold the property, or had contracted to sell it to another party and had directed a deed to be prepared therefor. Immediately upon receipt of this letter plaintiff took his lease contract and exhibited it to Hollandsworth, the prospective purchaser, and told him in substance that he desired to purchase the property at the price and on the terms offered by Cook to Hollandsworth, and that he intended to do so. Hollandsworth attempted to discourage plaintiff from taking advantage of his option contract by telling him that the seam of coal which formerly lay under the property had been extracted by Cook and that the surface was likely to fall in and make it unfit for residential purposes. However, plaintiff persisted in his resolve to purchase the property under his option. By deed dated the 9th day of October, 1919, and acknowledged the 23rd day of that month, defendant F. M. Cook and wife executed and delivered a deed for the property in controversy to defendant Hollandsworth for $1.00 and other valuable consideration. It ap-

pears that the consideration paid was $1800.00.    The property is described in this deed as lot No. 16, set out by metes and bounds, containing 17-100 of an acre, and a part of lot No. 17, also set out by metes and bounds, and containing 14520 square feet.    Lots No. 16 and 17 had been formerly owned by Hollandsworth who had conveyed them to defendant F. M. Cook, and there was a balance of the purchase money due thereon of $1155.67 secured by a vendor's lien, and the difference between that sum and $1800.00, the purchase price, was paid in cash, the vendor's lien released and the note secured thereby surrendered.    At December Rules 1919 plaintiff filed his bill exhibiting his lease contract and the deed from Cook to Hollandsworth and setting out the above recited facts and charged that Hollandsworth was not an innocent purchaser for value, and that the latter and Cook wrongfully combined and conspired to defraud him and deprive him of his right to exercise his option to purchase the property; that at the time he wrote his letter of October 4th, he was then and has always been ready, willing and able to pay the said sum of $1800.00, and that Hollandsworth since he had obtained and recorded his deed was about to institute legal proceedings against him to collect the rent and dispossess him of the property and prayed that the said deed of October 9th be cancelled and that Cook be required to perform his contract with the plaintiff and that Hollandsworth be enjoined from interfering with his possession of the    property.    He offers to pay the $1800.00 into court, or such other sum as Hollandsworth may have paid to Cook.    Both Cook and Hollandsworth answer the bill denying that they had fraudulently conspired to deprive the plaintiff of his right to purchase the property, and both deny that there was any consideration paid for the option contained in the lease contract; that the option was not specific enough to be enforced in that it provided for the purchase of a house and lot in the    City of Beckley, whereas the deed made from Cook to Hollandsworth conveyed not only lot No. 16 on which the house was located but also a part of lot No. 17; that when the plaintiff called

the option he made no tender of money or other thing of value to Cook and made no arrangement for payment of the purchase price.    Hollandsworth denies that he saw the option held by the plaintiff and denies that he had any knowledge of the same.    Cook answers that at the time he contracted to sell the property to Hollandsworth he was informed and believed that Casto had abandoned any intention of ever buying the house and lot under the option clause in the lease.

Another matter is set up in the pleadings which, in view of the evidence, has little relevancy to the merits of the case.    After F. M. Cook had purchased the two lots from Hollandsworth originally, he sold the property in controversy to P. L. Cook for the sum of $1200.00, but no writing was entered into concerning that sale, but P. L. Cook took possession and paid all the purchase price therefor; but a short time before the lease contract was entered into he, P. L. Cook, moved out of the property and re-sold the same to F. M. Cook, who paid him the purchase price either in cash or by a note which a short time afterwards was paid; so that the equitable title of P. L. Cook to the property was extinguished in that way and it is clear from the evidence that he has no interest therein, and did not have at the time of the lease.    Both F. M. Cook and Hollandsworth in their answers aver that F. M. Cook had no authority from P. L. Cook to execute the lease contract with Casto.    However, it appears that F. M. Cook at the time the lease contract was entered into had both the equitable and legal title to the property.

Depositions were taken, and at the hearing the circuit court found that plaintiff had sustained the allegations of his bill and decreed that the deed from Cook and wife to Hollandsworth, dated the 9th day of October, be set aside and cancelled, and that Cook and wife execute and deliver to the plaintiff a deed to the land in controversy upon the payment by the plaintiff of the sum of $1800.00 with legal interest from the 23rd day of October, 1919, and upon his failure so to do, within a time stated, that a special commis-

sioner then appointed for that purpose should make and deliver such deed to the plaintiff upon payment by him of $1800.00 with interest to the general receiver of the court; and inasmuch as the wife of F. M. Cook did not join in the lease contract, and not being a party to the suit, that upon her failure to join with her husband, or in the event that the special commissioner should make a deed upon the failure of Cook so to do, then the general receiver should hold the purchase price of $1800.00 until such time as it should be ascertained what sum should be paid therefrom to Cook's wife in satisfaction of her contingent right of dower. From this decree Hollandsworth prosecutes this appeal and assigns as errors: (1) that the clause in the lease, called the option contract, was not enforceable because it was without consideration; (2) that it was void for uncertainty of description; (3) that the option was without consideration and therefore could be withdrawn and repudiated by Cook at any time before acceptance by Casto and that Cook did repudiate it and withdrew the offer to sell by conveying the property to Hollandsworth; (4) that it was necessary for Casto to tender with his notice of acceptance of the option the $1800.00 before it could be enforced; (5) that it was error for the court to set aside the deed of October 9th, because Etta B. Cook, the wife of F. M. Cook, was not a party to the suit, and that she had a right to execute this deed, and that the court had no right to decree against her.

Was there a consideration for the option contained in the lease? It is asserted by appellant that there was none; that the cash payment of $26.67 and the monthly payment of $20.00 per month was for the rent alone as shown by the lease and therefore the option claimed was a mere *nudum pactum,* and the offer to sell could be withdrawn or repudiated at the will of the lessor. Cook says the money paid under the lease was simply for rent of the property, and it is conceded that the rental value of the property was well worth the amount paid. But Rardin, the agent of Cook, who negotiated and prepared the rental contract confirms Casto's statement that he would not have rented the prop-

erty, unless he had been given the right to purchase so as
to protect his tenancy.    The agreement itself bears out this
evidence.    The lease was for six months with privilege of
renewal for like term, but it was contemplated that the
property might be sold during the lease, and it was stipu-
lated that if sale should be made, then Casto would vacate
upon 30 days notice, but in such event he was given the
right to protect his occupancy by purchasing the property
at the price offered to another, and he was given 30 days
to decide whether he would buy after he had received notice
to vacate and terminate the lease.    Cook obtained a tenant
for his property at stipulated rentals and the consideration
was mutual.    But Cook did not want the lease to interfere
with a sale and in consideration of the agreement of the
lessee to waive his lease, and vacate on 30 days notice, he
granted him the option to purchase.    However, it is rather
well established that where a contract consists of several and
separate stipulations on one side and a legal consideration
is stated on the other, it will be considered that the entire
contract was in contemplation and that each particular stip-
ulation formed a part of the inducement of the contract in
its entirety, and is therefore supported by the considera-
tion. As was said by Judge POFFENBARGER in *Rease* v. *Kit-
tle,* 56 W. Va. 273, ''A man may be willing to take a lease
with the privilege of purchase of the property, or a renewal
of the lease, but unwilling to accept it in any other way.
The option of purchase inserted in the lease is inducement
to the contract on both sides.''    It is well established that
if the option to purchase forms a part of the lease, the con-
sideration for the lease furnishes consideration for the op-
tion.    *Swanston* v. *Clark,* 153 Cal. 300; *Stanwood* v. *Kuhn,*
132 Ill. App. 466; *Souffrain* v. *McDonald,* 27 Ind. 269;
*Wolf* v. *Lodge,* 159 Iowa 162; *Murphy* v. *Anderson,* 128
Minn. 106; *Feudtner* v. *Ross,* 74 N. J. Eq. 214; *Bullock* v.
*Cutting,* 140 N. Y. S. 686; *Brink* v. *Mitchell,* 135 Wis. 416;
*Mathews Slate Co.* v. *New Empire Slate Co.,* 122 Fed. 972.

Was the option unenforceable for uncertainty of des-
cription?    While this assignment of error is merely stated,

and no argument made or authority cited to sustain it, and
therefore it might be considered as abandoned, it may be
well to observe that the lease is for a house and lot in the
City of Beckley, described as "being the same property now
occupied by P. L. Cook adjoining the lot of John Williams
and F. M. Cook." This lot is composed of all of lot No. 16
and 14520 square feet of lot No. 17 as laid out and number-
ed. It was enclosed by a fence and was shown to Casto
when the contract was made and pointed out to him as the
property described in the lease. The evidence clearly es-
tablishes that the "lot" within this enclosure was the prop-
erty which was leased and optioned. The parties were not
contracting with reference to any particular lot as laid out
on a map or surveyed, and whether the fence around the house
enclosed a part of lot No. 16 or lot No. 17 was not con-
sidered by the parties. Extraneous evidence can be re-
sorted to in order to identify the subject matter of the con-
tract, and this was satisfactorily done. *Bartlett* v. *John-
son*, 89 W. Va. 46; *New River Mineral Co.* v. *Painter*, 100
Va. 507; *State Savings Bank* v. *Stewart*, 93 Va. 447.

It is further asserted that it was the duty of Casto, in
order to preserve his right to specific performance of his
contract, to have tendered to Cook the $1800.00, the full
purchase price, at the time he gave notice that he would
buy the property under the option contract, and we are cited
to *Weaver* v. *Burr*, 31 W. Va. 737. That doctrine was
there announced with dissent by Judge Snyder, who argued
that the legal effect of the contract was that the conveyance
and payment of the purchase money were concurrent and
dependent covenants or acts. And in *Barrett* v. *McAllister*,
33 W. Va. 738, decided about one year later, that doctrine
was disapproved. Judge Brannon says on p. 752 of the
latter case: "If that case (*Weaver* v. *Burr*) is to be con-
strued as holding that in such a case the person who has ac-
cepted the proposal (of sale) and given notice thereof, can-
not demand a deed to invest him with title, but must pay or
tender the purchase money regardless of his right to such
deed; and on failure of such tender or payment the option

is at an end, we do not concur in that feature of the case.''
The view taken by Judge SNYDER in his dissent in *Weaver*
v. *Burr* is there adopted and approved, and it was held
that, ''The obligation of such proposer (optioner) to deliver
such deed and the obligation of the holder of the option to
pay the money are mutual and dependent, and are to be
performed simultaneously.''    And in *Watson* v. *Coast,*
35 W. Va. 464, it was held that where payment is not made
an act of acceptance in the option, or required to be made
within the time fixed for acceptance, payment or tender
within the time is not essential to the formation of a con-
tract, but only an element in the performance of it.    See
*Turner* v. *McCormick,* 56 W. Va. 161.    There is a clear
distinction between payment as an election, and payment
as a performance.    *Breen* v. *Mayne,* 141 Iowa 399.    If the
terms of an option make payment a condition precedent, or
a part of the acceptance, a notice of intention to buy, or
that the optionee will take the property does not make a
completed contract; the money must be paid or tendered.
*Winders* v. *Kenan,* 161 N. C. 510; *Borst* v. *Simpson,* 90 Ala.
373.    But in the option under consideration there is no
such condition precedent.    Casto is given the right to pur-
chase at the same price and on the same terms offered to
other purchasers.    This he proposed to do when the deed
was ready in his notice of October 4, 1919, and was met with
the reply from Cook that he had sold the property to another
party and had that day instructed a deed to be prepared.
What use would there be in making a tender?    *Smith* v.
*Gibson,* 25 Neb. 511; *Mansfield* v. *Hodgdon,* 147 Mass. 304;
*Butler* v. *Threlkeld,* 117 Iowa 116.    It is clear that Casto
would be entitled to specific performance of his contract,
but Cook has divested himself of the title which is now in
Hollandsworth.    Can the title be extracted from Hollands-
worth?    Was Hollandsworth an innocent purchaser for
value?    It appears that while Cook and Hollandsworth
were negotiating for the sale and purchase, and before any
consideration passed or the deed was executed, Casto advised
Hollandsworth of his lease and option.    Hollandsworth ad-

mits that he saw Casto's contract of purchase, which he partly read, but was without his glasses at the time, and could not read it well.    At that time the deed had been prepared but had not been signed by Cook.   Besides, Hollandsworth says he knew Casto had possession of the property at the time he began negotiations for purchase, and it was his duty to ascertain what right or claim Casto had to the possession.    He had constructive notice of whatever a reasonable inquiry would have revealed.    In order to sustain his position as an innocent purchaser he must be a complete purchaser before he receives notice of another's right in the property.    *Doswell* v. *Buchanan's Admr.*, 3 Leigh 365.    In equity whatever is considered as sufficient to put a person upon inquiry is regarded as notice, for knowledge of a fact will be imputed where the exercise of prudence and diligence would have disclosed it.    *Cain* v. *Cox*, 23 W. Va. 609.    A purchaser of property is affected with notice of whatever claim or interest the person    in possession has, and which reasonable inquiry would have revealed.    *Chapman* v. *Chapman*, 91 Va. 397.    We are of the opinion that Hollandsworth was not an innocent purchaser for value without notice.

Under the pleadings and evidence the circuit court properly found that Casto was entitled to a conveyance of the property upon payment of the purchase price of $1800.00. But the decree cancels the deed made by Cook to Hollandsworth and directs a deed to be made by Cook, or through a commissioner for him, to Casto upon payment of the purchase price to Cook, or if made by a commissioner, paid into the hands of the court's officer, the general receiver. Cook has already received from Hollandsworth the purchase price, and if, as the decree directs, Casto must pay    Cook when he executes and delivers a deed, it is apparent that Cook will have received double payment and Hollandsworth will have received no consideration for the money paid by him to Cook.    It is true he might recourse on Cook, and finally be reimbursed if such a proceeding would avail to bring about that result.    The decree does not conserve

Hollandsworth's rights.    If he be required to give up the property, his money should be refunded.    Hollandsworth having had notice of Casto's superior right to the property at the time he took the deed and paid the purchase money, holds the legal title in trust for Casto, and the decree should require him to convey to Casto upon payment of the purchase money.    Etta B. Cook, the wife of F. M. Cook, having joined in the deed to Hollandsworth has parted with her dower interest in the property conveyed, has no interest in the subject matter of the litigation, and it was error to make provision for payment of her inchoate right of dower, as was done in the decree.    The decree will be reversed in so far as it annuls the deed made from F. M. Cook and wife to C. J. Hollandsworth, dated October 9, 1919, and in so far as it requires Cook to execute and deliver deed to plaintiff and makes provision for ascertainment and payment of a sum to Etta B. Cook in extinguishment of her inchoate right of dower; and the cause remanded for further proceedings in accordance herewith.    Costs on this appeal are awarded to Hollandsworth as the party substantially prevailing and against F. M. Cook.

*Reversed in part. Remanded.*