## S. O. BURFORD V. W. R. POUNDERS.

No. A-862. Decided. January 22, 1947.
(199 S. W., 2d Series, 141.)

*Lasseter, Spruiell, Lowery, Potter & Lasater* and *Wilbert Lasater,* of Tyler, for petitioner.

It was error for the Court of Civil Appeals to hold that it was incumbent upon the petitioner (Burford) to have exercised his option to purchase at the time he learned of Beaird's sale to Pounders, or within a reasonable time thereafter, before he could enforce his right of specific performance or recover damages.

It was also error for that court to hold that it was incumbent upon petitioner to plead and prove that he was ready, able and willing to make a tender at the time he learned of the sale. And, because he was not in a position to pay for the land at that time he suffered no injury by the land being sold to Pounders. Harper v. Runner, 85 Neb. 343, 122 N. W. 313; Toledo, P. & W. R. R. Co. v. Brown, 375 Ill., 438, 31 N. E. (2d) 767; 8 Tex. Jur. Sec., 724.

*John Y. Lawhon,* of Tyler, for respondents.

There was no error in the Court of Civil Appeals holding as it did, in this case. Kluck v. Leuschner, 70 S. W. (2d) 768; Gober v. Hart, 36 Texas 139; Gambill v. Snow, 189 S. W. (2d) 33.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

W. R. Pounders filed this suit against S. O. Burford in trespass to try title to a small tract of land, the last remaining unsold of eleven similar tracts of the R. E. Beaird Subdivision located about two and a half miles west of the City of Tyler on the Dallas highway. Burford duly answered and filed a cross action against Pounders, joining R. E. Beaird as co-defendant, seeking primarily specific performance of contract; and in the alternative, recovery of damages. No question of defective pleadings is urged by any of the parties. Upon trial without a jury judgment was for Pounders and Beaird, and against Burford on his cross action. The Court of Civil Appeals affirmed the judgment. 192 S. W. (2d) 914.

The controversy arose out of a two-year lease contract made on March 5, 1943, whereby Beaird as lessor (also the owner) gave Burford, the lessee, a "refusal to purchase" the land for an agreed price of $1,000.00. The contract is copied in the Court of Civil Appeals opinion. The trial court's findings of fact and conclusions of law, the statement of facts, and also certain stipulations made by the parties upon the trial, constitute a part of the record before use.

It appears that Beaird, about five months before the lease expired, and while Burford was in possession of the land using it for garden and pasture, deeded it to Pounders, who was engaged in the real estate business and had sold some of the other tracts of the subdivision. In the interest of brevity it is stated here that the Court of Civil Appeals held (and we are in accord with its holding) that constructive notice of the contents of the lease contract was visited upon Pounders at the time he received the deed; and that as pointed out by the Court in its opinion, "under the pleadings supported by the above facts and other evidence not necessary to detail, Pounders was not an innocent purchaser for value." Ramirez v. Smith, 94 Texas 184, 59 S. W. 258; 43 T. J., Vendor-Purchaser. Sec. 389. He knew some one was in possession and Beaird told him it was Burford. There was visible circumstances indicating that Burford was in possession. It is well to note here also that Pounders (not being an innocent purchaser) was in no better position than his grantor (Beaird) to defend Burford's suit for specific performance. Langley v. Norris, 141 Texas 405, 173 S. W. (2d) 454. See also in this connection the well considered case of Driebe v. Fort Penn Realty Co. 331 Pa. 314, 200 Atl. 62. Pounders, with notice, involved himself in the lease contract relations of Beaird and Burford. It makes for brevity also to note at this point our agreement with the Court of Civil Appeals that *the description of the land given in the lease contract* was sufficient to authorize the admission of the extrinsic evidence referred to in the opinion "to explain the terms" used in the lease, and to make feasible the identification of the land; and that "under such status the lease contract was not afoul of the statute of frauds." See discussion in the opinion and authorities there cited. At Beaird's home on March 5, 1943, Beaird and Burford agreed upon the terms of the lease. After writing and signing it, Beaird sent it to Burford. Burford signed it, and, according to a stipulation of the parties, attached his check for $25.00 and on March 12, 1943, mailed both the contract and the check to Beaird. There were no further negotiations between them and there is no question of mutual mistake, accident or fraud, in the case. For convenience we

set out at this point the body of the lease contract without paragraphing:

"The lease is for two years. Consideration Twenty-five dollars per year payable in advance each year. This lease is for the purpose of pasturing and gardening * * *; R. E. Beaird, Lessor, *agrees to permit the lessee,* S. O. Burford, *to remove from the premises any improvements,* that may be put there by the Lessee, when this lease expires. * * * Burford, lessee, agrees to vacate the premises *on notice of the sale,*—at any time—of the above described acreage, *on the return of whatever unearned portion of the rent money* by R. E. Beaird or by any one to whom he may sell the same. * * * Beaird agrees to give S. O. Burford the *refusal of purchase* of the above described land *before he sells the same to any one else.* Also, that whatever amount of *rent money* having been paid *will apply on purchase price of same. The price agreed upon by this contract shall be One Thousand Dollars* for the 6 1/3 acres." (Italics ours).

■ Beaird testified that Burford duly paid him the $50.00 called for in the contract, $25.00 a year in advance, and that he told Pounders that Burford had a written lease contract. It was admitted by Beaird that he deeded the property to Pounders without letting Burford know he contemplated selling it and without giving him an opportunity to buy it, and the *trial court* found that Burford knew *something before Christmas,* 1944, that Beaird had sold the land. On February 20, 1945, Burford wrote Beaird that he was formalizing (by means of the letter) the prior verbal notice of his desire to exercise his option to purchase the land; and that he was therewith tendering the consideration provided in the contract, "to wit, the sum of $1,000.00 less the $50.00 I have paid you in rent." Burford stated in the letter that he would be within his legal rights to remain in possession after the expiration of the lease contract, that he was sending Pounders a copy of the letter, and finally, that "you will consider this a formal notice that I do now claim, and shall continue to claim, the exclusive right of possession. Beaird testified that Burford brought a check to the house "and handed it to me, and I didn't even look at it"; *that he told him he had already sold the place to Pounders* and "would have nothing further to do with that part of it." Before stating the remaining pertinent facts we quote from a recent general statement, 49 American Jurisprudence, Specific Performance, (sec. 144) the following general statement of the applicable law:

"Whatever difference of opinion there may be as to the necessity of tender of performance before suit when the defendant

*is not in default,* it is clear that a tender is unnecessary *if the defendant repudiates the contract before suit, or it appears that he would have refused the tender if it had been made.* * * * If the defendant *puts himself in an attitude of default,* resists the performance, *and insists that he is not bound by the contract,* tender to him is unnecessary. * * * Consequently, all that is required in such case is that the plaintiff place himself in favor with the court, *and this may be done by a proper offer in the pleadings.*" (Italics ours).

Burford, it appears from the following pleading contained in his trial cross-petition, made such proper offer:

"That said lease contract contained a provision giving the cross-plaintiff an option to purchase the above described property at any time during the term of the lease for the sum of * * * $1000.00 * * *, less whatever * * * cross-plaintiff might have previously paid as rent for the property. * * * That in violation of the option * * Beaird purported to sell such property to cross-defendant, W. R. Pounders, on or about October 18, 1944, while said lease contract was in * * * effect and without giving cross-plaintiff an opportunity to exercise his option * * *. That on or about February 20, 1945, cross-plaintiff gave notice to * * *Beaird of his election to exercise said option * * *. At that time cross-plaintiff had paid * * * as rent under the * * * lease; and on or about February 20, 1945, * * * tendered * * * $950.00 * * * in cash to * * * Beaird, and requested a conveyance of said property in compliance with the terms of said contract. That * * Beaird refused to accept said money and * * * Beaird and Pounders have refused to make a conveyance of said property * * * and still refuse to do so. That cross-plaintiff * * * tenders * * * $950.00 * * * in court, and asks that cross-defendants perform said contract."

The *trial court* found that when Beaird sold the land to Pounders, Burford (not having "sold his property in Houston") "was not then in position to have bought and paid for the land at that time." Beaird testified it was his intention all along to sell the land for $1,000.00 *only in event* "of an emergency"; that while he wrote and signed the above contract, it was not the contract he and Burford entered into; that he put in the "refusal-to-purchase" clause *not as an option,* but "as a matter of courtesy to a young man * * * he was trying to do something for"; and that the reason behind his adding "that clause" was to give Burford "the first shot at it" *if he had to sell for $1000.00.* Beaird was straightforward in his statement that he harbored such mental reservation, in that when questioned further as

to why he put in the option clause he replied: "I just made a mistake, that's all." The date mentioned, it will be noted, was well within the two-year contract period.

The trial court's conclusions of law on which he predicated his judgment against Burford were as follows:

### III

"The 'Option', not specifying any time within which it might, or should, be exercised, and the land being for sale at all times while rented by Burford, time was necessarily of the essence of such an 'option', *and the same was invalid for lack of a provision of time for the exercise thereof.*

### IV

"Burford, not being in position to have purchased the land at the time it was sold to Pounders, and it being subject to sale all of the time since it was rented to Burford, the failure to notify Burford to then exercise his option if he wanted to, would have been a futile thing, as under his own testimony he could not *then* have performed by *then* buying the land, and there being *no provision binding Beaird to hold the sale* of the land for him to any particular time, *Burford suffered no injury by the sale to Pounders without notice to him* (Burford) of the sale, and therefore cannot recover either specific performance or damages." (Italics ours).

It will be observed that the trial court concluded as matters of law as a basis for his judgment, (1) and that the option was invalid because the contract contained no provision fixing a time for its exercise, (2) that Beaird repudiated his contract by selling the land without giving Burford the refusal to purchase, and (3) that *Burford suffered no injury* for the reason he was not in position *at the time the land was sold* to exercise his option. It will be observed also *that he was careful not to hold* that the date upon which he found Burford had the money (February 21, 1945) was not within a reasonable time for exercising the option.

The Court of Civil Appeals affirmed the judgment based on the above holdings *as matters of law,* and Burford applied for writ of error. He alleged among other points of error in his application, that the Court of Civil Appeals erred in upholding the trial court's conclusions stated in No. IV, supra, and urged in support of the point that under the circumstances of this case it was not incumbent on Burford *to make a tender* in the mat-

ter of exercising his option within a reasonable time after learning of the sale, but that *it was sufficient for him to offer to do equity in his pleadings*. This contention is in exact accordance with the statement of the law quoted above (page 463) and with the settled law of Texas. The Court of Civil Appeals was in error in rendering judgment against Burford. The applicable law has been definitely settled in this state. Regester v. Lang, (Com. App.), 49 S. W. (2d) 715; Kalosh v. Haney (Civ. App., opinion by Judge Tarlton) 23 S. W. 420; Babcock v. Lewis (wr. ref.), 113 S. W. 584; Taylor v. Kaufman (Civ. App.), 267 S. W. 526; Lockwood v. Frost (Civ. App.), 285 S. W. 874; San Antonio Joint Stock Land Bank v. Malcher (ref. want merit) 164 S. W. (2d) 197; 58 C. J., Specific Performance, Secs. 348-350. In the case first cited (in which the promisor denied he had ever made the contract under consideration) the court pointed out that a tender "would have been a vain and useless thing," and said: "It is thoroughly settled that where defendant has openly and avowedly refused to perform his part of the contract or declared his intention not to perform it, a plaintiff need not make tender of payment of the consideration before bringing suit. It is sufficient if he is ready and willing and offers to pereform in his pleadings." See in this connection the following well considered cases in other jurisdictions: Cummings v. Nielson, 42 Utah 157, 129 Pac., 619; Casto v. Cook, 191 W. Va., 209, 112 S. E. 502; and Driebe v. Ft. Penn Realty Co. (Penn), supra.

The Court of Civil Appeals recognized in the concluding paragraph of its opinion that "Beaird was in default in failing to give Burford the refusal to purchase," but excused his default on the authority of a statement quoted from 58 C. J., Specific Performance, Sec. 316 (sound law but not applicable here). The law applicable to the present case is pointed out by subsequent statement in the same section that "on the contrary, complainant ordinarily is entitled to specific performance where he alleges and proves that he * * * is ready, able and willing to perform." The author, in addition to stating the law as just quoted, points by foot-note references to subsequent sections (342 and 348-350) dealing with the specific subjects of "Tender Excused" and "Tender or Offer Excused," Respectively. In a footnote (2,f) under section 342 dealing with specific performance in "Suit by Purchaser," it is stated that "IN TEXAS" an actual tender "is not necessary where the purchaser pleads and proves a willingness to pay, but is entitled to relief provided that, within a time fixed in the decree, he shall pay the amount due," citing among other cases, Kalklosh v. Haney, and Lockwood v. Frost, supra.

In section 348 it is stated that "whatever difference of opinion may exist as to the *original necessity of a tender of the consideration before suit,* * * * it appears to be quite well settled that a formal tender is excused where a tender would be a useless and idle ceremony"; and that a "tender is also excused where defendant repudiates the contract"; and further that "tender in pleadings (is) sufficient" where plaintiff sets forth that he is ready, able and willing "or * * * pays the consideration into court." In section 349 dealing with "Repudiation of Contracts," it is stated that "the necessity of a tender is dispensed with where defendant repudiates the contract, or makes any declaration which amounts to a repudiation,* * *," citing the Texas cases, Taylor v. Kaufman and Babcock v. Lewis, supra. In the following section (350) it is stated·that "if a tender of the purchase price or other sums before suit is necessary, it is excused where the vendor or seller has put it out of his power to perform, as where he has conveyed the property * * * to a third person."

The assignment under which it was urged that it was not incumbent on Burford to make tender of the amount due as therein set out, is sustained. It appears from the trial court's conclusions of law that he not only did not find as a fact that Burford did not make such offer within a reasonable time before suit and within a reasonable time under the circumstances, but *that he was careful not to so hold.* He merely held, as appears from the court's concluding finding of fact, that Burford, "took no action then (when he learned Beaird had sold the property) * * *, because he had not sold" his Houston property and did not have the *money* "until about February 21, 1945."

There was no question that the value of the land materially changed. The court's finding was that the market value was the same at the time of the sale in October, at the time of the trial, and at the time Burford tendered his check. While the Court of Civil Appeals apparently held that Burford had a reasonable time within which to make tender it did so, not upon a fact finding of the court below, but as a matter of law, saying (in conclusion III) that the contract was invalid. This was incorrect. The material consideration is that Burford offered in his pleadings to do equity. Cases and authorities cited page 466, and authorities quoted page 463, both supra.

It conclusively appears that whether time was of the essence of the contract (ordinarily a question of fact) was taken out of the case by Beaird's testimony, and that it would have been an idle ceremony to tender the agreed price at any time, since

he made it clear that it was his intention to sell at that price only in the event of an emergency. The rule that supplemental findings necessary to support the judgment are presumed, has no application when the findings and conclusions disclose the basis therefor, and that the court did not find such necessary supplemental facts.

Since Beaird put himself in an attitude of default, and repudiated the contract by selling to Pounders, a tender to Beaird was unnecessary. It was sufficient for Burford to offer in his pleadings to do equity. This Burford has done. The only matter remaining to be done by the trial court is to direct that payment be made into court by Burford forthwith as tendered in his pleadings; and that upon the making of such payment into court, judgment be entered denying Pounders recovery of the land and awarding Burford judgment for title and writ of possession.

The judgment of the courts below are reversed and set aside and the cause is remanded for further proceedings in accordance herewith. It is so ordered.

Opinion delivered January 22, 1947.