**Robert E. EAGLIN et al. Appellants,**

v.

**Elmarine L. BAILEY et vir, Appellees.**

**No. 3500.**

Court of Civil Appeals of Texas.

Waco.

Nov. 7, 1957.

Rehearing Denied Nov. 27, 1957.

Fulbright, Crooker, Freeman, Bates & Jaworski, Gibson Gayle, Jr., Houston, for appellants.

Bruce, Flowers & Fortney, Baytown, for appellees.

HALE, Justice.

This is an appeal from a judgment rendered in a nonjury trial against appellants on account of personal injuries sustained by appellees as the result of an automobile collision which occurred at a street intersection in the City of Houston. The appeal is predicated upon the contention that there was no evidence introduced upon the trial showing or tending to show that appellants were guilty of any negligence proximately causing the injuries complained of and, in the alternative, if there was any such evidence as a matter of law, then such evidence was in fact insufficient to sustain the trial court's findings of negligence and proximate cause.

The trial court expressly found in its findings of fact that the collision resulted from the negligence of Robert E. Eaglin while acting in the scope of his employment as an employee of Sinclair Refining Com-

pany, Inc., in the following particulars, viz.: "in operating his bus at a rate of speed greater than was reasonable and prudent under the conditions then existing with regard to the actual and potential hazards that existed at the intersection where the collision took place; in failing to maintain proper control of his bus; in failing to keep a proper lookout and in particular for the vehicle in which the plaintiffs were riding; in failing to turn or swerve or use any other means to avoid the collision; in failing to make a proper application of the brakes on his bus; in failing to sound his horn or give other indication of his impending movement; and in failing to use that degree of care which persons of ordinary prudence would have used under the same or similar circumstances." The court further found that each of the foregoing acts constituted and was a proximate cause of the collision and resulting injuries and damages suffered by appellees.

In passing upon the question as to whether there was any evidence of actionable negligence in this case, and if so as to whether the same was sufficient to sustain the findings of the trial court with respect thereto, we must view the evidence as a whole and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to sustain the judgment and findings upon which it is based. This is an elemental proposition of law which is so well settled that we do not deem the citation of authorities necessary to sustain it.

The evidence shows that appellees are husband and wife, and that they were riding as guests in an automobile being operated by a friend, Pat Lynch, in a northerly direction on Hamilton Street when it collided with a bus belonging to appellant Sinclair Refining Company, Inc., which was being operated by appellant, Robert E. Eaglin, in a westerly direction on Capitol Avenue. There was evidence to the effect that the Lynch automobile was in the second lane of traffic from the curb on the right hand side of Hamilton Street, the latter being a four lane street, and that the bus was in the second lane from the right hand lane on Capitol Avenue, the latter being four or six lanes in width. Lynch slowed down as he approached this intersection and looked for a stop sign but did not see one and then proceeded into the intersection. There was evidence that Lynch passed completely through three or four lanes of traffic on Capitol Avenue at a moderate rate of speed, and that his automobile was struck on the right rear side by the bus, the Lynch car being pushed by the force of the impact across Hamilton Street and against the curb at the northwest corner of the street intersection.

The only witnesses who testified about the events which led up to the collision with respect to the operation of the bus were Eaglin and Sam Montalbano. The witness Montalbano testified that he was going west on Capitol Avenue at the time this collision occurred; that his taxicab and appellant's bus were about even with each other, the bus being to the right of his cab; that he saw the Lynch car was not going to stop and that he applied his brakes and stopped without colliding with the Lynch vehicle; that he was familiar with the intersection in question and knew it to be a dangerous blind crossing; that the Lynch car, while passing through the intersection, was traveling at a moderate rate of speed, and that the bus was traveling at about the same speed as his taxicab. Appellant Eaglin testified that he had driven the route down Capitol Avenue many times before the date of this accident; that he was thoroughly familiar with the route and that he considered the intersection to be a dangerous one; that he applied his foot brakes and emergency brakes as quickly as he could when he first saw the Lynch automobile; that he laid down about three feet of skid marks; and that he did not sound his horn or turn or swerve the movement of the bus.

Appellee, Fredder Bailey, testified that he was riding on the right hand side in the front seat of the Lynch car at the time of the collision; that the collision occurred about 11:00 o'clock P.M., while he and his wife were returning to their home after having attended some wrestling matches; that he did not hear the sound of any horn before the collision occurred; that as he entered the street intersection, he glanced to the right but did not see the bus at any time until after the collision had happened; that he did not see any vehicle in close proximity to the intersection at the time the Lynch car entered the intersection; and that he could see up Capitol Avenue only a short distance after he got out beyond a certain building, "I'd say 20 or 30 feet." He further testified: "Q. Do you recall, or if you know, did Mr. Lynch slow his car, or stop his car, or whether there was a stop sign there prior to entering Capitol? A. I didn't know there was a stop sign there, but he did more or less slow down as he entered Capitol. Q. Do you know whether or not he came to a complete stop or not? A. No, sir, he did not."

Pat Lynch testified by deposition and in person to the facts and circumstances known to him prior to the collision. According to his testimony, he was driving his car, in company with his wife and appellees, in a careful manner with the low beam of his headlights burning, but he did not see the bus until after the collision had occurred, although he looked both ways to his right and left before entering the intersection.

■ In addition to the findings of negligence and proximate cause on the part of the appellants, the court also found in response to the request of appellants for additional findings that Pat Lynch failed to keep a proper lookout and was operating his car at an excessive rate of speed under the existing circumstances, and that such conduct on his part in each particular constituted negligence and a proximate cause of the collision. However, the record before us shows that appellees were gratuitous guests of Pat Lynch while riding in his car and that no effort was made by appellants, either by pleadings or proof, to impute the negligence of Pat Lynch to appellees, or either of them.

■ In support of their contentions for a reversal of the judgment here appealed from, appellants rely upon the holdings in the following cases: In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Burford v. Pounders, 145 Tex. 460, 199 S.W.2d 141; Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97; Minugh v. Royal Crown Bottling Co., Tex. Civ.App., 267 S.W.2d 861 (er. ref.); Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063; Volkmer v. Curlee, Tex.Civ. App., 261 S.W.2d 870 (er. ref. n. r. e.). We do not think the holding in any of the cited cases sustains the contentions urged by appellants. On the contrary, after due consideration of the evidence as a whole in the light most favorable to sustain the judgment appealed from, as it is our duty in this case to do, we have concluded that the evidence was sufficient to sustain the trial court's findings of negligence and proximate cause on the part of appellants. Biggers v. Continental Bus System, Tex. Sup., 303 S.W.2d 359; Edson v. Perry-Foley Funeral Home, Tex.Civ.App., 132 S.W.2d 282 (er. dis. judg. cor.); Liberty Film Lines, Inc. v. Porter, 136 Tex. 49, 146 S.W.2d 982; Jones v. Gibson, Tex. Civ.App. 18 S.W.2d 744.

Accordingly, both of appellants' points of error are overruled and the judgment of the court below is affirmed.