Harry D. HAWN et al., Appellants,

v.

J. V. HAWN et al., Appellees.

No. 5199.

Court of Civil Appeals of Texas, Eastland.

Dec. 14, 1978.

Rehearing Denied Jan. 4, 1979.

Tom Thomas, Kolodey & Thomas, Dallas, for appellants.

Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

McCLOUD, Chief Justice.

Plaintiffs, J. V. Hawn, Villas Management Services, Inc., and Elam-Miller, Inc., sued defendants, Collection Services, Ltd., a Texas limited partnership, and its two general partners, Harry D. Hawn and William R. Wortley, seeking specific performance of a written agreement executed in connection with the settlement of a pending lawsuit. The trial court directed a verdict in favor of plaintiffs. Defendants have appealed. We affirm.

Plaintiffs, on January 3, 1977, in Cause No. 77–9–J in the 191st District Court of Dallas County, sued American Housing Resources, Inc. seeking payment of four promissory notes executed on behalf of American Housing and totaling $164,756.75. Defendant Wortley was president of American Housing, and defendant Harry D. Hawn, son of plaintiff, J. V. Hawn, was vice-president. While the suit against American Housing was pending, an agreement for settlement of the litigation was reached. The written agreement was executed on July 22, 1977, by J. V. Hawn, the corporate plaintiffs, and by defendants Wortley and Harry D. Hawn, as the general partners of Collection Services, Ltd., a Texas limited partnership. The written agreement provided in part:

(1) That plaintiffs would assign to Collection Services, Ltd., the four American Housing notes, as well as an additional $80,000 note, payable to J. V. Hawn, and executed by American Housing;

(2) That the purchase price of the five notes would be $120,000 consisting of (a) $50,000 in cash, and (b) two promissory notes, dated July 22, 1977, and due on or before December 1, 1978, to be executed by Wortley and Harry D. Hawn as general partners of Collection Services, Ltd.; and

(3) That plaintiffs would dismiss Cause No. 77–9–J, the suit pending against American Housing.

The agreement was originally typed to be entered into and signed by Harry D. Hawn and William R. Wortley in their individual capacities. By penned interlineation, however, the agreement shows to be entered into and signed by Wortley and Harry D. Hawn as general partners of Collection Services, Ltd. Throughout the instrument, the typed letter "s" at the end of the word "Assignees" was marked out. Paragraph 3 of the agreement provided:

*Litigation and Release*: By Cause No. 77–9–J filed in the 191st Judicial District Court of Dallas County, Texas, Assignors have filed suit against AHR for collection of those AHR Notes which are referred to in paragraphs A(i) through (iv) hereof. In consideration of this Agreement, Assignors agree to dismiss such cause without prejudice. In consideration for such agreements and the other agreements of Assignors herein contained, Assignee hereby release, acquit and forever discharge Assignors and each of them from any and all claims and demands, actions, causes of action, damages, costs and expenses of any nature (including any claims for the furnishing of carpets to Hawn) that Assignee may now have, own or claim to have or own, and Assignors hereby release, acquit and forever discharge Assignee and American Housing Resources, Inc. and each of them from any and all claims and demands, actions, causes of action, damages, costs and expenses of any nature that Assignors may now have, own or claim to have or own.

Paragraph 7 provided:

*Merger and Binding Effect*: All understandings and agreements between the parties are merged into this Agreement, which alone expresses their agreement, and the same is entered into after full investigation, neither party relying upon any statement or representations not embodied in this Agreement made by the other. It may not be changed orally and all of the stipulations contained in this Agreement are to apply to and bind the successors and assigns of the respective parties hereto.

Defendants failed to comply with the July 22, 1977, agreement and on September 7, 1977, plaintiffs amended their petition in Cause No. 77–9–J to include in count one a claim against defendants based upon the July 22, 1977, agreement. In count two, they alternatively sought recovery against American Housing on the five notes in issue. On motion of plaintiffs, count two was severed for separate trial. The trial involved count one only, that being the claim against defendants, Wortley, Harry D. Hawn, and Collection Services, Ltd. On December 9, 1977, the court entered judgment, jointly and severally, for plaintiffs against defendants for $50,000, plus attorney's fees, and directed defendants to execute the $50,000 and $20,000 promissory notes provided for in the July 22, 1977, agreement. On the same date, the court dismissed plaintiffs' cause against American Housing Resources, Inc.

Defendants, Wortley and Harry D. Hawn, contend the court erred in not permitting them to introduce evidence before the jury that J. V. Hawn had in January or early February of 1977 agreed to assign the notes in question to Collection Services, Ltd., a "contemplated" limited partnership, for an interest as a limited partner. Wortley and Harry D. Hawn, individually, asserted a counterclaim against plaintiffs for breach of this alleged agreement. On bill of exception, Wortley and Harry D. Hawn testified that prior to the July 22, 1977, written agreement, J. V. Hawn, for and on behalf of all the plaintiffs, agreed to assign the notes to the contemplated limited partnership in exchange for an interest as a limited partner. The excluded evidence showed that Wortley and Harry D. Hawn were attempting to purchase all of the stock of American Housing; that they would be the general partners of the contemplated limited partnership and there would be eight limited partners; that on February 18, 1977, Wortley and Harry D. Hawn sent J. V. Hawn a proposed agreement for the contemplated limited partnership, which was signed by the general partners and only one of the eight prospective limited partners; and that J. V. Hawn did not sign the agreement. Collection Services, Ltd., one of the defendants herein, was later established but it was not the "contemplated" limited partnership. The partnership that was established did not include the limited partners as contemplated when J. V. Hawn allegedly made the oral commitment.

If the partnership, Collection Services, Ltd., is bound by the July 22, 1977, agreement, then the general partners, Wortley and Harry D. Hawn, are jointly and severally liable for the obligations of the partnership. See Sec. 10(a), Article 6132a, Texas Uniform Limited Partnership Act, and Sec. 15, Article 6132b, Texas Uniform Partnership Act, Tex.Rev.Civ.Stat. Ann. Defendants argue plaintiffs failed to conclusively establish that Wortley and Harry D. Hawn, the general partners, had authority to enter into the July 22, 1977, agreement. We disagree. In answer to request for admissions, the partnership admitted that "it entered into" the written agreement. The partnership is bound by the judicial admission, notwithstanding the sworn denial filed by Wortley and Harry D. Hawn stating they had no such authority. *Brooks v. Eaton Yale and Towne, Inc.,* 474 S.W.2d 321 (Tex.Civ.App.—Waco 1971, no writ).

Estoppel by contract is a form of "quasi estoppel" based upon the idea that a party to a contract will not be permitted to take a position inconsistent with its provisions, to the prejudice of another. *United Fidelity Life Ins. Co. v. Fowler,* 38 S.W.2d 128 (Tex.Civ.App.—Dallas 1931, writ dism'd); 22 Tex.Jur.2d Estoppel § 3. We have found no case directly in point; however, we hold that the two general partners, Wortley and Harry D. Hawn (who signed the July 22, 1977, agreement as general partners of Collection Services, Ltd.) are estopped to contend that the agreement they executed, which concerned the identical notes involved in the alleged prior oral agreement, did not release their individual claims, if any, against plaintiffs. See *Surtees v. Hobson,* 13 S.W.2d 345 (Tex.Comm.

App.—1929); *Blackman v. Blackman*, 128 S.W.2d 433 (Tex.Civ.App.—Fort Worth 1939, writ dism. judgm. cor.); *Nettles v. First Nat. Bank of Temple*, 168 S.W.2d 920 (Tex.Civ.App.—Austin 1943, writ ref'd w. o. m.); 31 C.J.S. Estoppel § 55. We hold, therefore, the court correctly held that the alleged oral agreement involving the American Housing notes was merged into the subsequent written agreement dated July 22, 1971. The tendered extrinsic evidence was properly denied. *Hobbs Trailers v. J. T. Arnett Grain Company, Inc.*, 560 S.W.2d 85 (Tex.1977). Furthermore, the testimony of Wortley, at the time of trial, that J. V. Hawn had never told him or anyone in his presence that he was not going to sign the Collection Services, Ltd. partnership agreement, conclusively establishes there was no anticipatory breach by J. V. Hawn or the other plaintiffs of the alleged oral agreement. *Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.*, 389 S.W.2d 694 (Tex.Civ.App.—Tyler 1965, no writ).

■ Defendants next argue the court erred in holding that the settlement agreement was specifically enforceable. We disagree. The settlement agreement expressly provided that it might be specifically enforced. The court decreed that the defendants execute the $50,000 and $20,000 promissory notes as provided for in the written agreement. Specific performance will lie to require the execution of a written instrument agreed upon. 71 Am.Jur.2d, Specific Performance § 100 (1973). The evidence conclusively established that defendants repudiated the written contract and that plaintiffs properly pleaded that they were ready, able and willing to perform every obligation required of them under the contract. *Buford v. Pounders*, 145 Tex. 460, 199 S.W.2d 141 (Tex.1947).

■ Defendants further assert that the order of dismissal entered by the trial court on December 9, 1977, is in irreconcilable conflict with the judgment entered in favor of plaintiffs against defendants on the same date. We construe the dismissal order as dismissing plaintiffs' suit against American Housing Resources, Inc., in accordance with plaintiffs' obligations under the settlement agreement. See *Lone Star Cement Corporation v. Fair*, 467 S.W.2d 402 (Tex.1971).

■ Finally, defendants assert that the court erred in awarding attorney's fees because plaintiffs failed to prove the presentment of their claim as required by Tex.Rev. Civ.Stat.Ann. art. 2226. We disagree. Defendants admitted in response to plaintiffs' request for admissions, that they had entered into the agreement of July 22, 1977, and had not paid the cash or executed the notes required by said agreement. *Welch v. Gammage*, 545 S.W.2d 223 (Tex.Civ. App.—Austin 1976, writ ref'd n. r. e.).

We have considered all points of error, and all are overruled. Judgment of the trial court is affirmed.