**FIRST REALTY BANK & TRUST, f/k/a Wynnewood State Bank, Appellant,**

v.

**Herbert YOUNGKIN, Appellee.**

**No. 5171.**

Court of Civil Appeals of Texas, Eastland.

June 8, 1978.

Rehearing Denied July 20, 1978.

John M. Gillis, Gillis, Rogers & Taylor, Dallas, for appellant.

Keith R. Jones, Law Offices of Mark A. Troy, Jr., Dallas, for appellee.

BRADBURY, Justice.

This is an appeal from a permanent injunction granted plaintiff, Herbert Youngkin, against defendants, First Realty Bank and Trust f/k/a Wynnewood State Bank and Forest Keene, Constable, enjoining execution and forced sale upon certain real

estate in Dallas County. First Realty appeals and we reverse and render.

The bank recovered judgment against Youngkin March 24, 1965. The abstract of judgment was recorded in 1965 and again in 1974. Youngkin and his wife, Lola, were divorced October 7, 1971, and in conformity with their property settlement agreement, each conveyed to their son, Herbert Gary Youngkin, on December 22, 1971, the land in question. Herbert Gary Youngkin conveyed the land to his father, the plaintiff, July 3, 1972, and the deed was recorded July 6, 1972. Plaintiff reconveyed the land to his son August 21, 1972, but the deed was not filed for record until September 5, 1975, about the time the officer attempted execution on judgment. Plaintiff explained that the conveyance to him of July 3, 1972, was to use the land as collateral for money borrowed for the son's use. Plaintiff testified he had occupied and claimed the land as a homestead continuously since 1959, and that he had not remarried since the divorce from Lola.

■ The Bank argues the land in question became subject to its judgment lien July 3, 1972. The Texas Constitution was amended November 6, 1973, whereby a single man is allowed a homestead. The Bank contends its judgment lien takes precedence over the after-acquired homestead because a homestead right in plaintiff did not exist until November 6, 1973, when the Constitution was amended. Plaintiff argues the land was his homestead and the judgment lien was never indexed. The court in its findings of fact and conclusions of law stated:

## "FINDINGS OF FACT

The Court makes the following Findings of Fact:

1. The property located at 615 South Oak Cliff Boulevard, Dallas, Dallas County, Texas, which property is the subject of this suit, is the homestead of Herbert Youngkin, Plaintiff.

## CONCLUSIONS OF LAW

The Court finds that the above stated fact compels the following Conclusion of Law:

1. The property located at 615 South Oak Cliff Blvd., Dallas, Dallas County, Texas, which property is the subject of this suit, is property exempt from forced sale as long it is Plaintiff's homestead except for authority per Art. 16 Sec. 50, Constitution of the State of Texas."

It is evident the land in question was not the homestead of plaintiff when conveyed to him July 3, 1972, as he was then a single man. At that time, the land could not be exempt as a homestead, because the Constitution had not then been amended.

We must decide if the judgment lien takes precedence over the after-acquired homestead right. Our Supreme Court in *Gage v. Neblett*, 57 Tex. 374 (1882) stated:

"The controlling question in this case is, which is superior, a judgment lien on land, or a subsequently acquired homestead right?

In the case of *Baird v. Trice*, 51 Tex., 555, it was decided that an attachment lien on land will not be defeated by a subsequently acquired homestead right. The doctrine of that case has since been affirmed by this court, is sustained by numerous authorities elsewhere, and is, we think, founded on justice and sound principle.

In *Bullene v. Hiatt* [12 Kan. 98], the supreme court of Kansas say: 'The attachment lien existed nearly three months before the homestead right was created. And while homestead laws are everywhere to be considered favorably, yet they are not to be so construed so as to destroy pre-existing rights . . . An attachment lien, like other liens, though not an *estate* in the land (*Chick v. Willets [Willetts]* 2 Kan. [384] 391), is such vested interest therein that it cannot be affected by any subsequent act of the debtor.' 12 Kan., 101.

That a judgment lien creates such vested right as will be protected by section 10, article 1, constitution of the United

States, which prohibits a state from passing any law which impairs the obligation of a contract, has been expressly decided by the supreme court of the United States, the decisions of which august tribunal upon questions of this character are of peculiarly binding authority upon the state courts. *Gunn v. Barry*, 15 Wall., 610 [21 L.Ed. 212]; *Edwards v. Kearzey*, 6 Otto [595], 607 [24 L.Ed. 793].

In *Railroad Co. v. Winter*, 44 Tex., 597, it was held that a change of designation of homestead by moving the houses or by changing the boundaries of it, substantially different from the locality which the pre-existing facts of ostensible use and enjoyment have fixed as a homestead, cannot be made to the injury or destruction of rights of judgment lienholders, or of purchasers from the husband without the wife being joined, and existing before such attempted change.

In that case, Roberts, Chief Justice, delivering the opinion of the court, says that 'if the judgment lien was acquired on said tract—the Palmer survey—when it was no part of the homestead, the defendant could not change the homestead so as to cover any part of it necessary for the satisfaction of the judgment.' . . . 44 Tex. 615.

The difference between that case and the present is, that, in the former, it was sought to change the boundaries of an already *existing homestead*; here it is sought to acquire a *new homestead*, both to the prejudice of pre-existing judgment liens. There is no difference in principle."

In *Brooks v. Chatham*, 57 Tex. 31 (1882), our Supreme Court in discussing a similar question stated:

"The attachment having been levied upon the land in controversy prior to its designation as homestead, the subsequent appropriation of it to homestead use cannot protect it from sale under the lien thus acquired. *Baird v. Trice*, 51 Tex. [555], 559; *Mabry v. Harrison*, 44 Tex. [286], 294; *Chipman v. McKinney*, 41 Tex. [76], 77; *Potshuisky v. Krempkan*, 26

Tex. [307], 309. The constitution declares that no lien upon the homestead shall be valid; but it does not declare that property not homestead at the time a lien is acquired may thereafter become homestead clothed with exemption from forced sale to satisfy such pre-existing lien. Those liens which the constitution declares invalid are only such as are attempted to be given upon the property otherwise than they are permitted to be given by the constitution, after the homestead character has attached thereto."

In *Johnson v. Prosper State Bank*, 125 S.W.2d 707 (Tex.Civ.App.—Dallas 1939), aff'd, 134 Tex. 677, 138 S.W.2d 1117 (1940), the court discussed the question of whether or not a judgment lien takes precedence over an after-acquired homestead right. The judgment debtor filed his petition of bankruptcy but the judgment creditor was not notified and the bankruptcy court set aside the premises as a homestead of the judgment debtor. In determining the prior right of the judgment creditor, the court stated:

"So, we think, in this case, the order of the Bankruptcy Court setting aside the premises as the homestead of the judgment debtor, did not and could not have the effect of discharging, impairing or otherwise affecting the judgment lien under consideration. The lien had become a vested right in appellee long before the premises, if ever, were impressed with appellant's homestead, and was obtained more than four months prior to the filing of the petition in bankruptcy; thus, the order setting aside the premises as appellant's homestead in no way affected appellee's rights therein. Whatever rights appellant acquired by the order of the Bankruptcy Court, establishing his homestead on the premises, was and is subject to appellee's valid and subsisting lien thereon."

See also: *Shepler v. Kubena*, 563 S.W.2d 382 (Tex.Civ.App.—Austin 1978, no writ).

We hold the Bank's judgment lien takes precedence over plaintiff's after-acquired homestead right.

■ Plaintiff on appeal for the first time advances another theory of recovery. The rule that supplemental findings necessary to support the judgment are presumed has no application where, as here, the findings and conclusions disclose a different basis for the judgment. Rule 299, T.R.C.P.; *E. F. Hutton & Company, Inc. v. Fox*, 518 S.W.2d 849 (Tex.Civ.App.—Dallas 1974, writ ref. n. r. e.). The new theory advanced by plaintiff has no basis in the pleadings, the judgment, or the finding of fact. The judgment was based on the finding that the property was plaintiff's homestead. There is nothing in the record to infer that the new theory now advanced by plaintiff formed any basis whatever for the judgment.

The judgment of the trial court is reversed and rendered.