Reversed and Remanded and Opinion filed July 14, 2009








Reversed and Remanded and Opinion filed July 14, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00639-CV

_______________

 

GUY JONES, Appellant

 

V.

 

JEANNE M. SMITH AND PETER A. MORGENROTH, Appellees

                                                                                                                                               


On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 06CV0634

                                                                                                                                               


 

O P I N I
O N

In this
action to quiet title, two adverse parties claim to have purchased a house in
Galveston; to have paid taxes on the property; and to have receivedCand lostCan unrecorded deed.  Each party also
obtained and recorded a replacement deed.  Because the trial court=s findings of fact and conclusions of
law demonstrate that judgment was rendered based on an erroneous theory of law
rather than the resolution of the conflicting evidence, we do not imply factual
findings in support of the judgment, but instead, reverse and remand.

 








I.  Factual and Procedural Background

After
appellee Peter Morgenroth expressed an interest in appellant Guy Jones=s real estate business, Jones
allegedly offered to act as Morgenroth=s mentor in learning the business.
One of Jones=s friends told him that Newell Smith (ANewell@) had a house in Galveston for sale,
and Jones and Morgenroth went together to view the property.  Morgenroth
prepared an offer to purchase the real estate in which Jones was named as the
purchaser; Newell and Jones executed the agreement on March 4, 2004.  According
to Morgenroth, both Newell and Jones knew that the property ultimately was
being purchased by Morgenroth, but based on his own naivete, Morgenroth named
Jones as the purchaser at Jones=s instruction.  It is undisputed that Jones paid Newell in
cash for entering into the agreement, but both Morgenroth and Jones claim to
have provided the cash.  Similarly, Morgenroth testified that, although Jones
produced copies of certified checks for payment of taxes owing on the property,
Jones obtained the funds from Morgenroth.

Jones,
Morgenroth, and Newell all were present when the sale closed on March 24,
2004.  Jones testified that Newell executed and delivered a deed to the house
naming Jones as grantee.  According to Jones, his wife prepared the deed.  In
contrast, Morgenroth testified that Newell executed and delivered two original
deeds to him, each of which named Morgenroth as the grantee. According to
Morgenroth, Jones supplied a blank form and Morgenroth entered the names of the
grantor, grantee, and the property description.  Neither Jones nor Morgenroth
recorded the original deed.  Jones testified that the deed was lost, and
Morgenroth testified that a spilled soda destroyed the original.  Morgenroth
offered into evidence a document he represented as a scanned copy of the
original, but Jones claimed  that Morgenroth altered the original deed by
replacing Jones=s name with his own as grantee, then scanned the altered
document.  The notary public who verified Newell=s signature testified that she
recalled notarizing a document that she thought was a deed, but did not recall
who was named as the grantee. 








In
October 2005, Morgenroth recorded an affidavit of lien, in which he stated
that  he was owed $45,000 for his work on the property.  Morgenroth identified
the property owners as Newell, Jones, Jones=s wife, Jones Construction,[1]
and himself.  Early the next year, Morgenroth obtained and recorded a
replacement deed.  According to Morgenroth, he then entered a verbal agreement
with Jeanne Smith (ASmith@)[2] in which she
agreed to purchase the house for $50,000 by transferring ownership of a
motorcycle with an agreed value of $30,000 to Morgenroth and paying him
$20,000. Although it is undisputed that Smith did not hold title to the
motorcycle, never paid Morgenroth, and never executed any agreement to pay
Morgenroth, Morgenroth executed and recorded a deed conveying the house to
Smith on February 16, 2006.  Smith testified that she did not know of Jones=s claims to the property until she
obtained the results of a title search after the property was transferred to
her.  She also denied knowledge that Jones was in possession of the property,
although she admitted that construction and painting materials were stored
there and that someone continued to use the property, change the locks, and mow
the lawn, despite her purported purchase.  Moreover, she brought a separate
action to evict Jones, although the result of that proceeding is not clear from
the record.

The day
after the deed to Smith was recorded, Jones executed and recorded a lien on the
property, in which he claimed he was due $132,000 for payment for his work. 
Five days later, Jones, like Morgenroth, obtained and recorded a replacement
deed from Newell, but in this replacement, Jones is named as the grantee.








Jones
sued Morgenroth and Smith to quiet title to the property, or in the
alternative, to recover the costs of materials and the value of his labor in
improving the property.  Morgenroth answered and filed a counterclaim seeking a
declaratory judgment determining that he had obtained good title and properly
conveyed the property to Smith.  He also filed a cross-claim against Smith for
the purchase price of the property.  Jeanne Smith sought title to the property
on the grounds that she is a bona fide purchaser for value.

After a
nonjury trial, the court awarded Smith title to the property, granted
Morgenroth judgment against her for $50,000, secured by an equitable lien
against the property, and granted Jones judgment against Morgenroth for
$23,000, secured by Morgenroth=s equitable lien.  As relevant to this appeal, the trial
court made the following findings of fact:

2.         Such property was conveyed to Newell Smith
by Marie Smith on January 18th, 1990.

 

3.         Newell Smith executed a WARRANTY DEED to
Peter Morgenroth dated January 17th, 2006.  Such deed was duly recorded in the
DEED RECORDS of Galveston County, Texas on January 18, 2006.

 

4.         No
other deeds were recorded in the DEED RECORDS of Galveston County, Texas with
regard to such property from January 19th, 1990 to January 18, 2006.

5.         On February 16th, 2006, Peter Morgenroth
executed a GENERAL WARRANTY DEED to such property to Jeanne M. Smith.

 

6.         Jeanne
M. Smith agreed to pay Peter Morgenroth a sum of fifty thousand dollars
($50,000.00) for such property.

. . .

10.       Peter Morgenroth has not
been paid to date any of the $50,000.00 his [sic] is owed by Jeanne M. Smith.

None of the facts found
by the trial court that were relevant to a determination of title were
disputed. 

The
trial court also stated the following conclusions of law:








11.       Peter
Morgenroth had rightful title to the property in question by virtue of the
WARRANTY DEED that was executed by Newell Smith on January 17th, 2006.  

12.       Jeanne M. Smith was
conveyed rightful title to such property by Peter Morgenroth on February 16,
2006.

Both Jones and Morgenroth
timely appealed.[3]

II.  Issues Presented

In three
issues, Jones  challenges the legal and factual sufficiency of the
evidence to  support the finding that Morgenroth acquired rightful title Aby virtue of the warranty deed
executed by [Newell] on January 17th, 2006@ and the implied finding that Smith
is a bona fide purchaser for value.  Morgenroth presents a single cross-issue,
in which he contends the evidence is legally and factually insufficient to
support Jones=s award of damages in quantum meruit.

III.  Standard of Review








In a
nonjury trial, findings of fact have the same force and dignity as a jury=s verdict, and when a complete
reporter=s record is filed, we review the
trial court=s findings of fact for legal and factual sufficiency under the same
standards we apply to jury verdicts.  Green v. Alford, 274 S.W.3d 5, 23
(Tex. App.CHouston [14th Dist.] 2008, pet. filed) (citing Ortiz v. Jones, 917
S.W.2d 770, 772 (Tex. 1996) (per curiam)).  A party challenging the sufficiency
of the evidence offered in a nonjury trial must challenge specific findings of
fact.  Id. (citing Zagorski v. Zagorski, 116 S.W.3d 309, 319
(Tex. App.CHouston [14th Dist.] 2003, pet. denied)).  We will defer to a trial court=s factual findings if they are
supported by the evidence,[4] and we are
bound by any unchallenged findings of fact unless the contrary is established
as a matter of law or the finding is not supported by any evidence.  McGalliard
v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986).  We do not substitute our
judgment for that of the factfinder, even if we would have reached a different
conclusion when reviewing the evidence.  FDIC v. F & A Equip. Leasing,
854 S.W.2d 681, 684B85 (Tex. App.CDallas 1993, no writ).  We may, however, review the trial
court=s legal conclusions drawn from the
facts to determine their correctness.  BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002).  Incorrect conclusions of law
will not require a reversal if the controlling  findings of fact will support
the judgment under a correct legal theory.  BACM 2001-1 San Felipe Road L.P.
v. Trafalgar Holdings I, Ltd. , 218 S.W.3d 137, 143 (Tex. App.CHouston [14th Dist.] 2007, pet.
denied).  On the other hand, conclusions of law which are not based on findings
of fact and supported by pleadings will not sustain a judgment.  Tex. R. Civ. P. 299; Light v. Wilson,
663 S.W.2d 813, 814 (Tex. 1983). 

To
analyze the legal sufficiency of the evidence supporting a finding, we review
the record in the light most favorable to the trial court=s findings, crediting favorable
evidence if a reasonable factfinder could and disregarding contrary evidence
unless a reasonable factfinder could not.  See City of Keller v.
Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  A party attacking the legal
sufficiency of an adverse finding on an issue on which he bore the burden of
proof must demonstrate that the evidence establishes, as a matter of law, all
vital facts in support of the issue.  See Dow Chem. Co. v. Francis, 46
S.W.3d 237, 241 (Tex. 2001).  In reviewing a factual sufficiency challenge, we
consider and weigh all the evidence in a neutral light and may set aside the
finding only if the evidence is so weak or the finding is so against the great
weight and preponderance of the evidence that it is clearly wrong and unjust. Green,
274 S.W.3d at 23 (citing Dow Chem., 46 S.W.3d at 242)).

IV. Analysis








Jones
first presents a legal sufficiency challenge, in which he argues that the trial
court erred in finding that Peter Morgenroth acquired rightful title to the
property by virtue of the warranty deed that was executed by Newell on January
17, 2006 because (1) as a matter of law, no title could have been conveyed
by the January 17, 2006 warranty deed, and (2) Guy Jones established his
title as a matter of law.  The answer to Jones=s first argument depends on whether,
on this record, we must imply findings in support of the judgment.

Texas Rule of Civil
Procedure 299 provides in pertinent part: 

The judgment may not be supported upon appeal by a
presumed finding upon any ground of recovery or defense, no element of which
has been included in the findings of fact; but when one or more elements
thereof have been found by the trial court, omitted unrequested elements, when
supported by evidence, will be supplied by presumption in support of the
judgment.

Tex.
R. Civ. P. 299.  Here,
neither party requested additional findings of fact and conclusions of law. 
Morgenroth contends that we therefore must imply findings in support of the
judgment, because an element necessary to prove title from a common source was
included among the trial court=s findings of fact.  Specifically, the trial court Afound@ that Newell obtained title to the
property from Marie Smith in 1990, although this fact was neither contested nor
relevant to any matter in dispute.  See Rogers v. Ricane Enters., Inc.,
884 S.W.2d 763, 768 (Tex. 1994) (explaining that if the plaintiff and defendant
in a trespass to try title action both claim title from the same source, the
plaintiff Aneed only demonstrate good title coming from that common source to meet
its burden of proof@). 








Rule
299, however, does not apply if the trial court=s findings of fact and conclusions of
law disclose that the judgment was based on an erroneous interpretation of
law.  Burford v. Pounders, 145 Tex. 460, 199 S.W.2d 141, 145 (1947);
In re M.N.G., 113 S.W.3d 27, 36 (Tex. App.CFort Worth 2003, no pet.); Wilson
v. O=Connor, 555 S.W.2d 776, 781B82 (Tex. Civ. App.CDallas 1977, writ dism=d); E. F. Hutton & Co. v. Fox,
518 S.W.2d 849, 856 (Tex. Civ. App.CDallas 1974, writ ref=d n.r.e.) (on mot. for reh=g); Life & Cas. Ins. Co. of
Tenn. v. Martinez, 299 S.W.2d 181, 182 (Tex. Civ. App.CSan Antonio 1957, no writ).   Here,
it is undisputed that Newell did not own the property after March 24, 2004,
when he transferred the property to Jones or Morgenroth.  And despite their
conflicting testimony, both men were present when the deed was executed, and
both claim to know the identity of the grantee.  Thus, after the deed was
executed, both men were bound by their notice of the deed=s contents, regardless of whether the
conveyance was recorded.  See Tex.
Prop. Code Ann. ' 13.001(b) (Vernon 2004) (AThe unrecorded instrument is binding
on a party to the instrument, on the party=s heirs, and on a subsequent
purchaser who does not pay a valuable consideration or who has notice of the
instrument.@); Bennett v. Romos, 151 Tex. 511, 516, 252 S.W.2d 442, 445 (1952)
(AThat the loss or destruction of a
valid deed does not reverse or invalidate the transfer of title made by the
deed is, of course, well settled.@).  








Although
the evidence is legally insufficient to support an implied finding that Newell
conveyed the property to Morgenroth on January 17, 2006, the trial court=s findings of fact and conclusions of
law demonstrate that it applied an erroneous theory of law.  See Crapps
v. Crapps, 546 S.W.2d 909, 911 (Tex. Civ. App.CAustin 1977, no writ) (AThe reviewing court must look to the
district court=s findings of fact and conclusions of law and to the judgment to
determine the basis for the entry of the judgment.@).  In particular, the trial court=s conclusion that Peter Morgenroth
had title to the property by virtue of the replacement deed executed by Newell
on January 17, 2006 is contrary to the undisputed fact that Newell was divested
of ownership on March 24, 2004, and thus, could not convey the property after
that date.  Because it is undisputed that Newell did not own the property after
March 24, 2004, Conclusion of Law No. 11 cannot be correct under any legal
theory pleaded or tried or any of the trial court=s present findings of fact.[5] 
At best, the deed executed on January 17, 2006 was only a replacement deed, as
Morgenroth himself testified.  It instead appears that the trial court
erroneously concluded that title was effectively conveyed to the person who
first recorded a deed.  This error is indicated by the trial court=s fourth factual finding, emphasizing
that A[n]o other deeds were recorded in the
DEED RECORDS of Galveston County, Texas with regard to such property from
January 19th, 1990 to January 18th, 2006.@ As with the finding that the
property was conveyed to Newell on January 18th, 1990, this fact is both
undisputed and unhelpful in resolving the dispositive question of whether the
deed Newell executed on March 24, 2004 named Jones or Morgenroth as
grantee.  The trial court did not answer this question, and expressed findings
made by a trial judge cannot be extended by implication to cover further
independent issuable facts.  See, e.g., Duncan v. Willis,
157 Tex. 316, 302 S.W.2d 627, 634 (1957); Washington Loan & Fin. Corp.
v. Sec. Nat=l Bank of Lubbock, 576 S.W.2d 155, 158 (Tex. App.CAmarillo 1978, writ dism=d); McKenzie v. Carte, 385
S.W.2d 520, 529 (Tex. Civ. App.CCorpus Christi 1964, writ ref=d n.r.e.). 

The
trial court=s conclusion that Jeanne Smith was properly conveyed title to the
property also cannot be sustained under any legal theory asserted or tried. 
Because it is undisputed that Smith paid no money or property and gave no note
or other consideration for the property before she obtained notice of a prior
unrecorded claim, she cannot be a bona fide purchaser for value as she asserted
at trial.  See Tex. Prop. Code
Ann. ' 13.0001(b); English v. Plumlee, 291 S.W. 922, 923 (Tex. Civ.
App.BEl Paso 1927, no writ) (APayment of the consideration upon
execution of the deed or before notice of antecedent unrecorded claims must be
shown in order to entitle him to protection.@). 








IV.
CONCLUSION

The
amount of evidence necessary to affirm a judgment is far less than that
necessary to reverse a judgment.[6]  Here,
however, the trial court made findings of fact and conclusions of law relevant
to an erroneous interpretation of law, and did not make findings that would
control the case under a correct legal interpretation.  The findings actually
made do not support the judgment, and because Rule 299 does not apply in these
circumstances, there are no implied findings. We therefore sustain Jones=s first and third issues, and reverse
and remand the case without reaching the remaining issues.  

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan.









[1]  Jones testified that Jones Construction was his
business. 





[2]  Jeanne Smith is not related to Newell Smith.





[3]  Smith neither appealed nor responded to the appeals
by Jones and Morgenroth.





[4]  Perry Homes v. Cull, 258 S.W.3d 580, 598
(Tex. 2008).  





[5]  See also Leonard v. Eskew, 731 S.W.2d 124,
132 (Tex. App.CAustin 1987, writ ref=d n.r.e.) (A[B]ecause the trial-court judgment rests upon the specific
grounds set out in the findings of fact and conclusions of law that accompany
the judgment, we are not permitted to assume omitted findings or conclusions
necessary to any other grounds for the judgment, even though such other
grounds be pleaded in the case.@); First
Realty Bank & Trust v. Youngkin, 568 S.W.2d 428, 431 (Tex. Civ. App.CEastland 1978, no writ) (AThe rule that supplemental findings necessary to
support the judgment are presumed has no application where, as here, the
findings and conclusions disclose a different basis for the judgment.@).





[6]  Walker v. Anderson, 232 S.W.3d 899, 908 (Tex.
App.CDallas 2007, no pet.).