**Guy JONES, Appellant,**

v.

**Jeanne M. SMITH and Peter A. Morgenroth, Appellees.**

**No. 14–08–00639–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 2009.

Rehearing Overruled July 30, 2009.

**550**

George W. Dana, Houston, for appellant.

Gilbert Torres, Jack D. Ewing, Texas City, Thomas McQuage, Galveston, for appellees.

Panel consists of Justices YATES, GUZMAN, and SULLIVAN.

## OPINION

EVA M. GUZMAN, Justice.

In this action to quiet title, two adverse parties claim to have purchased a house in Galveston; to have paid taxes on the property; and to have received—and lost—an unrecorded deed. Each party also obtained and recorded a replacement deed. Because the trial court's findings of fact and conclusions of law demonstrate that judgment was rendered based on an erroneous theory of law rather than the resolution of the conflicting evidence, we do not imply factual findings in support of the judgment, but instead, reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After appellee Peter Morgenroth expressed an interest in appellant Guy Jones's real estate business, Jones allegedly offered to act as Morgenroth's mentor in learning the business. One of Jones's friends told him that Newell Smith ("Newell") had a house in Galveston for sale, and Jones and Morgenroth went together to view the property. Morgenroth prepared an offer to purchase the real estate in which Jones was named as the purchaser; Newell and Jones executed the agreement on March 4, 2004. According to Morgenroth, both Newell and Jones knew that the property ultimately was being purchased by Morgenroth, but based on his own naivete, Morgenroth named Jones as the purchaser at Jones's instruction. It is undisputed that Jones paid Newell in cash for entering into the agreement, but both Morgenroth and Jones claim to have provided the cash. Similarly, Morgenroth testified that, although Jones produced copies of certified checks for payment of taxes owing on the property, Jones obtained the funds from Morgenroth.

Jones, Morgenroth, and Newell all were present when the sale closed on March 24, 2004. Jones testified that Newell executed and delivered a deed to the house naming Jones as grantee. According to Jones, his wife prepared the deed. In contrast, Morgenroth testified that Newell executed and delivered two original deeds to him, each of which named Morgenroth as the grantee. According to Morgenroth, Jones supplied a blank form and Morgenroth entered the names of the grantor, grantee, and the property description. Neither Jones nor Morgenroth recorded the original deed. Jones testified that the deed was lost, and Morgenroth testified that a spilled soda destroyed the original. Morgenroth offered into evidence a document he represented as a scanned copy of the original, but Jones claimed that Morgenroth altered the original deed by replacing Jones's name with his own as grantee,

then scanned the altered document. The notary public who verified Newell's signature testified that she recalled notarizing a document that she thought was a deed, but did not recall who was named as the grantee.

In October 2005, Morgenroth recorded an affidavit of lien, in which he stated that he was owed $45,000 for his work on the property. Morgenroth identified the property owners as Newell, Jones, Jones's wife, Jones Construction,[1] and himself. Early the next year, Morgenroth obtained and recorded a replacement deed. According to Morgenroth, he then entered a verbal agreement with Jeanne Smith ("Smith")[2] in which she agreed to purchase the house for $50,000 by transferring ownership of a motorcycle with an agreed value of $30,000 to Morgenroth and paying him $20,000. Although it is undisputed that Smith did not hold title to the motorcycle, never paid Morgenroth, and never executed any agreement to pay Morgenroth, Morgenroth executed and recorded a deed conveying the house to Smith on February 16, 2006. Smith testified that she did not know of Jones's claims to the property until she obtained the results of a title search after the property was transferred to her. She also denied knowledge that Jones was in possession of the property, although she admitted that construction and painting materials were stored there and that someone continued to use the property, change the locks, and mow the lawn, despite her purported purchase. Moreover, she brought a separate action to evict Jones, although the result of that proceeding is not clear from the record.

The day after the deed to Smith was recorded, Jones executed and recorded a lien on the property, in which he claimed he was due $132,000 for payment for his work. Five days later, Jones, like Morgenroth, obtained and recorded a replacement deed from Newell, but in this replacement, Jones is named as the grantee.

Jones sued Morgenroth and Smith to quiet title to the property, or in the alternative, to recover the costs of materials and the value of his labor in improving the property. Morgenroth answered and filed a counterclaim seeking a declaratory judgment determining that he had obtained good title and properly conveyed the property to Smith. He also filed a cross-claim against Smith for the purchase price of the property. Jeanne Smith sought title to the property on the grounds that she is a bona fide purchaser for value.

After a nonjury trial, the court awarded Smith title to the property, granted Morgenroth judgment against her for $50,000, secured by an equitable lien against the property, and granted Jones judgment against Morgenroth for $23,000, secured by Morgenroth's equitable lien. As relevant to this appeal, the trial court made the following findings of fact:

2. Such property was conveyed to Newell Smith by Marie Smith on January 18th, 1990.

3. Newell Smith executed a WARRANTY DEED to Peter Morgenroth dated January 17th, 2006. Such deed was duly recorded in the DEED RECORDS of Galveston County, Texas on January 18, 2006.

4. No other deeds were recorded in the DEED RECORDS of Galveston County, Texas with regard to such property from January 19th, 1990 to January 18, 2006.

5. On February 16th, 2006, Peter Morgenroth executed a GENER-

---

1. Jones testified that Jones Construction was his business.

2. Jeanne Smith is not related to Newell Smith.

AL WARRANTY DEED to such property to Jeanne M. Smith.

6. Jeanne M. Smith agreed to pay Peter Morgenroth a sum of fifty thousand dollars ($50,000.00) for such property.

. . .

10. Peter Morgenroth has not been paid to date any of the $50,000.00 his [sic] is owed by Jeanne M. Smith.

None of the facts found by the trial court that were relevant to a determination of title were disputed.

The trial court also stated the following conclusions of law:

11. Peter Morgenroth had rightful title to the property in question by virtue of the WARRANTY DEED that was executed by Newell Smith on January 17th, 2006.

12. Jeanne M. Smith was conveyed rightful title to such property by Peter Morgenroth on February 16, 2006.

Both Jones and Morgenroth timely appealed.[3]

## II. ISSUES PRESENTED

In three issues, Jones challenges the legal and factual sufficiency of the evidence to support the finding that Morgenroth acquired rightful title "by virtue of the warranty deed executed by [Newell] on January 17th, 2006" and the implied finding that Smith is a bona fide purchaser for value. Morgenroth presents a single cross-issue, in which he contends the evidence is legally and factually insufficient to support Jones's award of damages in quantum meruit.

## III. STANDARD OF REVIEW

In a nonjury trial, findings of fact have the same force and dignity as a jury's verdict, and when a complete reporter's record is filed, we review the trial court's findings of fact for legal and factual sufficiency under the same standards we apply to jury verdicts. *Green v. Alford,* 274 S.W.3d 5, 23 (Tex.App.-Houston [14th Dist.] 2008, pet. filed) (citing *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996) (per curiam)). A party challenging the sufficiency of the evidence offered in a nonjury trial must challenge specific findings of fact. *Id.* (citing *Zagorski v. Zagorski,* 116 S.W.3d 309, 319 (Tex.App.-Houston [14th Dist.] 2003, pet. denied)). We will defer to a trial court's factual findings if they are supported by the evidence,[4] and we are bound by any unchallenged findings of fact unless the contrary is established as a matter of law or the finding is not supported by any evidence. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex. 1986). We do not substitute our judgment for that of the factfinder, even if we would have reached a different conclusion when reviewing the evidence. *FDIC v. F & A Equip. Leasing,* 854 S.W.2d 681, 684–85 (Tex.App.-Dallas 1993, no writ). We may, however, review the trial court's legal conclusions drawn from the facts to determine their correctness. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002). Incorrect conclusions of law will not require a reversal if the controlling findings of fact will support the judgment under a correct legal theory. *BACM 2001–1 San Felipe Road L.P. v. Trafalgar Holdings I, Ltd.,* 218 S.W.3d 137, 143 (Tex. App.-Houston [14th Dist.] 2007, pet. denied). On the other hand, conclusions of law which are not based on findings of fact and supported by pleadings will not sus-

---

**3.** Smith neither appealed nor responded to the appeals by Jones and Morgenroth.

**4.** *Perry Homes v. Cull,* 258 S.W.3d 580, 598 (Tex.2008).

tain a judgment. Tex.R. Civ. P. 299; *Light v. Wilson,* 663 S.W.2d 813, 814 (Tex.1983).

To analyze the legal sufficiency of the evidence supporting a finding, we review the record in the light most favorable to the trial court's findings, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). A party attacking the legal sufficiency of an adverse finding on an issue on which he bore the burden of proof must demonstrate that the evidence establishes, as a matter of law, all vital facts in support of the issue. *See Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001). In reviewing a factual sufficiency challenge, we consider and weigh all the evidence in a neutral light and may set aside the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Green,* 274 S.W.3d at 23 (citing *Dow Chem.,* 46 S.W.3d at 242).

## IV. ANALYSIS

■ Jones first presents a legal sufficiency challenge, in which he argues that the trial court erred in finding that Peter Morgenroth acquired rightful title to the property by virtue of the warranty deed that was executed by Newell on January 17, 2006 because (1) as a matter of law, no title could have been conveyed by the January 17, 2006 warranty deed, and (2) Guy Jones established his title as a matter of law. The answer to Jones's first argument depends on whether, on this record, we must imply findings in support of the judgment.

Texas Rule of Civil Procedure 299 provides in pertinent part:

The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment.

Tex.R. Civ. P. 299. Here, neither party requested additional findings of fact and conclusions of law. Morgenroth contends that we therefore must imply findings in support of the judgment, because an element necessary to prove title from a common source was included among the trial court's findings of fact. Specifically, the trial court "found" that Newell obtained title to the property from Marie Smith in 1990, although this fact was neither contested nor relevant to any matter in dispute. *See Rogers v. Ricane Enters., Inc.,* 884 S.W.2d 763, 768 (Tex.1994) (explaining that if the plaintiff and defendant in a trespass to try title action both claim title from the same source, the plaintiff "need only demonstrate good title coming from that common source to meet its burden of proof").

■ Rule 299, however, does not apply if the trial court's findings of fact and conclusions of law disclose that the judgment was based on an erroneous interpretation of law. *Burford v. Pounders,* 145 Tex. 460, 199 S.W.2d 141, 145 (1947); *In re M.N.G.,* 113 S.W.3d 27, 36 (Tex.App.-Fort Worth 2003, no pet.); *Wilson v. O'Connor,* 555 S.W.2d 776, 781–82 (Tex.Civ.App.-Dallas 1977, writ dism'd); *E.F. Hutton & Co. v. Fox,* 518 S.W.2d 849, 856 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.) (on mot. for reh'g); *Life & Cas. Ins. Co. of Tenn. v. Martinez,* 299 S.W.2d 181, 182 (Tex.Civ. App.-San Antonio 1957, no writ). Here, it is undisputed that Newell did not own the property after March 24, 2004, when he transferred the property to Jones or Mor-

genroth. And despite their conflicting testimony, both men were present when the deed was executed, and both claim to know the identity of the grantee. Thus, after the deed was executed, both men were bound by their notice of the deed's contents, regardless of whether the conveyance was recorded. *See* TEX. PROP.CODE ANN. § 13.001(b) (Vernon 2004) ("The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument."); *Bennett v. Romos*, 151 Tex. 511, 516, 252 S.W.2d 442, 445 (1952) ("That the loss or destruction of a valid deed does not reverse or invalidate the transfer of title made by the deed is, of course, well settled.").

■ Although the evidence is legally insufficient to support an implied finding that Newell conveyed the property to Morgenroth on January 17, 2006, the trial court's findings of fact and conclusions of law demonstrate that it applied an erroneous theory of law. *See Crapps v. Crapps*, 546 S.W.2d 909, 911 (Tex.Civ.App.-Austin 1977, no writ) ("The reviewing court must look to the district court's findings of fact and conclusions of law and to the judgment to determine the basis for the entry of the judgment."). In particular, the trial court's conclusion that Peter Morgenroth had title to the property by virtue of the replacement deed executed by Newell on January 17, 2006 is contrary to the undisputed fact that Newell was divested of ownership on March 24, 2004, and thus,

could not convey the property after that date. Because it is undisputed that Newell did not own the property after March 24, 2004, Conclusion of Law No. 11 cannot be correct under any legal theory pleaded or tried or any of the trial court's present findings of fact.[5] At best, the deed executed on January 17, 2006 was only a replacement deed, as Morgenroth himself testified. It instead appears that the trial court erroneously concluded that title was effectively conveyed to the person who first recorded a deed. This error is indicated by the trial court's fourth factual finding, emphasizing that "[n]o other deeds were recorded in the DEED RECORDS of Galveston County, Texas with regard to such property from January 19th, 1990 to January 18th, 2006." As with the finding that the property was conveyed to Newell on January 18th, 1990, this fact is both undisputed and unhelpful in resolving the dispositive question of whether the deed Newell executed *on March 24, 2004* named Jones or Morgenroth as grantee. The trial court did not answer this question, and expressed findings made by a trial judge cannot be extended by implication to cover further independent issuable facts. *See, e.g., Duncan v. Willis*, 157 Tex. 316, 302 S.W.2d 627, 634 (1957); *Washington Loan & Fin. Corp. v. Sec. Nat'l Bank of Lubbock*, 576 S.W.2d 155, 158 (Tex.App.-Amarillo 1978, writ dism'd); *McKenzie v. Carte*, 385 S.W.2d 520, 529 (Tex.Civ.App.-Corpus Christi 1964, writ ref'd n.r.e.).

■ The trial court's conclusion that Jeanne Smith was properly conveyed title

5. *See also Leonard v. Eskew*, 731 S.W.2d 124, 132 (Tex.App.-Austin 1987, writ ref'd n.r.e.) ("[B]ecause the trial-court judgment rests upon the *specific* grounds set out in the findings of fact and conclusions of law that accompany the judgment, we are not permitted to assume omitted findings or conclusions necessary to any *other* grounds for the judgment, even though such other grounds be

pleaded in the case."); *First Realty Bank & Trust v. Youngkin*, 568 S.W.2d 428, 431 (Tex.Civ.App.-Eastland 1978, no writ) ("The rule that supplemental findings necessary to support the judgment are presumed has no application where, as here, the findings and conclusions disclose a different basis for the judgment.").

to the property also cannot be sustained under any legal theory asserted or tried. Because it is undisputed that Smith paid no money or property and gave no note or other consideration for the property before she obtained notice of a prior unrecorded claim, she cannot be a bona fide purchaser for value as she asserted at trial. *See* TEX. PROP.CODE ANN. § 13.001(b); *English v. Plumlee,* 291 S.W. 922, 923 (Tex.Civ.App.-El Paso 1927, no writ) ("Payment of the consideration upon execution of the deed or before notice of antecedent unrecorded claims must be shown in order to entitle him to protection.").

## V. CONCLUSION

The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment.[6] Here, however, the trial court made findings of fact and conclusions of law relevant to an erroneous interpretation of law, and did not make findings that would control the case under a correct legal interpretation. The findings actually made do not support the judgment, and because Rule 299 does not apply in these circumstances, there are no implied findings. We therefore sustain Jones's first and third issues, and reverse and remand the case without reaching the remaining issues.

6. *Walker v. Anderson,* 232 S.W.3d 899, 908 (Tex.App.-Dallas 2007, no pet.).