**Reversed in Part and Remanded and Majority and Dissenting Opinions filed March 30, 2021.**



**In the**

# Fourteenth Court of Appeals

---

## NO. 14-19-00202-CV

---

### JEFFREY D. CLINTON D/B/A MARATHON ENERGY MANAGEMENT, Appellant

**v.**

### CHARLES GALLUP, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1099256**

---

## MAJORITY OPINION

If, following a bench trial, the trial court makes a single finding of fact that does not resolve any element of any of the multiple claims before the court, may this court review the sufficiency of the evidence to support the trial court's judgment? Concluding that Texas Rule of Civil Procedure 299 bars such review, we reverse and remand.

Appellee Charles Gallup brought this lawsuit to recover commissions on electricity contracts he alleged were owed to him by appellant Jeffrey D. Clinton d/b/a Marathon Energy Management. In his live pleading, which is his first amended petition, Gallup asserted claims for common-law fraud, quantum meruit, suit on a sworn account, and breach of contract. After a bench trial, the trial court found in Gallup's favor and awarded Gallup damages against Clinton of $13,861.00 plus court costs and prejudgment interest. The trial court also awarded Gallup attorney's fees of 13,062.00.[1]

At trial, the parties stipulated that dismissed party Hudson Energy had paid Clinton $1,3861.00. Gallup testified that this payment constituted commissions on accounts he had secured for Clinton, and that Clinton had agreed to pay him the commissions. Clinton testified there was no agreement with Gallup to pay him the commissions. Rather, Clinton testified that Gallup had been paid a finder's fee regarding the accounts at issue and was not owed the money Clinton received from Hudson Energy.

We begin with Clinton's issue three, which we determine is dispositive of this appeal. In this issue, Clinton argues that the trial court's findings of fact do not support the judgment. Rule of Civil Procedure 299 states the following concerning the import and review of findings of fact:

> When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when

---

[1] The trial court rendered a default judgment against two other defendants in the case, Jeff Adkins and Aldar Marketing, Inc., and awarded damages against them in the amount of $21,847.00. The attorney's fees were assessed jointly and severally against Clinton and Adkins. The trial court also awarded conditional attorney's fees in the event the judgment was appealed. Clinton is the only defendant to appeal.

one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.

Tex. R. Civ. P. 299. The rule plainly states that findings of fact "shall form the basis of the judgment." *Id.* This does not mean that the trial court must make a finding as to every element of a cause of action. *See id.* So long as the trial court makes a finding as to at least one element of a cause of action, this court may presume the trial court made implied findings as to the remaining elements. *See id.* If, however, the trial court omits findings as to *all* elements of a cause of action, this court may not imply findings as to that cause of action. *See id.* Rather, "[i]f a ground of recovery or defense is *entirely* omitted, . . . the omission is deemed to be deliberate" on the grounds that the trial court did not award relief as to that cause of action. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (citing Tex. R. Civ. P. 299).

In this case, after Clinton requested findings of fact and conclusions of law, the trial court instructed the parties to submit proposed findings and conclusions along with their proposed judgments. Finding in Gallup's favor, the trial court signed the findings of fact and conclusions of law submitted by Gallup. These findings, however, contain only a single finding relating to Gallup's claims against Clinton:

> The records of Hudson Energy on file reflect payment of commissions to Marathon Energy on the Plaintiff's accounts in the total amount of $13,062.00.

The trial court's sole finding relates to the parties' stipulation that Clinton, doing business as Marathon Energy, received money from Hudson Energy. This finding does not resolve any disputed fact concerning any element of any claim

3

asserted by Gallup.[2] Under these circumstances, this court cannot presume any findings relating to any of the claims at issue in this lawsuit. *See* Tex. R. Civ. P. 299 ("The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact . . . ."). Instead, this court can only conclude that the "basis of the trial court's judgment" was its apparent conclusion that the sole fact that Hudson paid money to Clinton, on its own, somehow entitled Gallup to relief.[3] *See id.* (findings of fact "shall form the basis of the judgment upon all grounds of

---

[2] The elements of common-law fraud are: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018).

The elements of quantum meruit are: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) those services and materials were accepted by the person sought to be charged, and were used and enjoyed by him; and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732–33 (Tex. 2018).

The elements of suit on a sworn account are: (1) the sale and delivery of merchandise or performance of services; (2) that the amount of the account is "just," that is, the prices charged are pursuant to an express agreement, or in the absence of an agreement, that the charges are usual, customary, or reasonable; and (3) that the outstanding amounts remain unpaid. *PennWell Corp. v. Ken Associates, Inc.*, 123 S.W.3d 756, 766 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The plaintiff must file the petition under oath. Tex. R. Civ. P. 185.

The elements of breach of contract are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

[3] Typically, we may ignore an immaterial finding by the trial court. *Yazdani-Beioky v. Sharifan*, 550 S.W.3d 808, 822 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("[I]mmaterial findings are harmless and are not grounds for reversal."). In this peculiar circumstance, however, the fact that an immaterial finding is the sole finding changes its nature; when an "immaterial" fact becomes the sole fact on which we may review the judgment, that fact becomes material.

recovery and of defense embraced therein"); *see also Jones v. Smith*, 291 S.W.3d 549, 554 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("[E]xpressed findings made by a trial judge cannot be extended by implication to cover further independent issuable facts."). Under the constraints imposed by Rule 299 and the particular findings requested and made here, we can only determine the trial court committed an error of law.

In accordance with Rule 299, this court has held that we will not presume findings when "the record reveals that the trial court based its judgment on an erroneous interpretation of law, and failed to answer a factual question necessary to resolve the case under a correct interpretation." *Advanced Pers. Care, LLC v. Churchill*, 437 S.W.3d 41, 47 (Tex. App.—Houston [14th Dist.] 2014, no pet.) When the trial court does not make findings that would control the case under a correct legal interpretation, and the proper findings cannot be presumed, the proper disposition is to reverse the judgment and remand the case for further proceedings. *Id.* at 49; *see Jones*, 291 S.W.3d at 555 (reversing and remanding when trial court "made findings of fact and conclusions of law relevant to an erroneous interpretation of law [precluding presumed findings under Rule 299], and did not make findings that would control the case under a correct legal interpretation"); *see also Nguyen v. Nguyen*, 355 S.W.3d 82, 92–93 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (citing *Jones* and reversing and remanding when trial court's express findings on one theory of informal marriage could not be extended by implication to cover independent issuable facts regarding second theory of informal marriage); *Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 758 (Tex. App.—Dallas 2010, pet. denied) (citing *Jones* and reversing and remanding when trial court "did not make a finding on the element of intent that would control the case under the correct construction of the policy and interpretation of the law" and

that finding could not be presumed).

Accordingly, we sustain issue three that the trial court's findings of fact do not support the judgment.[4] We reverse the portion of the trial court's judgment that awards relief against Clinton and leave the judgment undisturbed as to the nonappealing defendants. *See Sonat Expl. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236–37 (Tex. 2008) ("Generally, reversal in favor of a party that appealed does not require reversal in favor of another who did not" unless "the rights of appealing and nonappealing parties are so interwoven or dependent on each other as to require a reversal of the entire judgment." (quotation omitted)). We remand the case for further proceedings. Tex. R. App. P. 43.3(a); *see Jones*, 291 S.W.3d at 555.


/s/     Charles A. Spain
          Justice

Panel consists of Justices Jewell, Spain, and Wilson (Jewell, J., dissenting).

---

[4] Typically, we would first address rendition issues; here, in issue four, Clinton argues that the evidence is legally insufficient to support any element of any claim made by Gallup. In *Jones*, however, this court declined to address legal-sufficiency issues in the absence of express or implied findings supporting the judgment, instead reversing and remanding for further proceedings. *See* 291 S.W.3d at 552, 555. Indeed, it is difficult to see how this court could conduct a meaningful review of the sufficiency of the evidence to support findings we have concluded do not exist and cannot be implied.

The remainder of Clinton's issues would not afford him additional relief, and accordingly we do not address them. Tex. R. Civ. P. 47.1. We note that, in his first issue, Clinton makes a somewhat related argument that the trial court erred when it did not make additional requested findings of fact per Clinton's request. *See* Tex. R. Civ. P. 298. Failure to make additional findings and conclusions may constitute reversible error if the appellant is prevented from adequately presenting the matter being complained of on appeal. *See Zhang v. Capital Plastic & Bags, Inc.*, 587 S.W.3d 82, 88–89 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). Here, however, the issue is not that Clinton cannot formulate appellate issues; rather, the issue is that this court cannot presume findings that would allow for the review of arguments on the merits that Clinton might make.